IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    Case Nos.:        1:06cr24/MW/GRJ
                                                        1:17cv165/MW/GRJ

EDDIE LEE ANDERSON,

      Petitioner.

---

## REPORT AND RECOMMENDATION

Petitioner Eddie Lee Anderson has filed an amended motion to
vacate, set aside, or correct sentence under 28 U.S.C. § 2255.   (ECF No.
115.)   While Petitioner provided a service copy of his motion, Rule 4(b) of
these rules provides in part that "[i]f it plainly appears from the motion, any
attached exhibits, and the record of prior proceedings that the moving party
is not entitled to relief, the judge must dismiss the motion and direct the
clerk to notify the moving party."   After a review of the record, the Court
concludes that the motion is untimely and should be dismissed.

## BACKGROUND and ANALYSIS

In October of 2006, a jury convicted Petitioner of possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e). (ECF No. 58.) The court classified Petitioner as an Armed Career Criminal based on a Presentence Investigation Report ("PSR") that included prior Florida convictions for robbery without a firearm; burglary of a dwelling while armed and aiding and abetting an aggravated burglary; and aggravated battery. (ECF No. 117, PSR ¶¶ 14, 20, 31-33.) Under the Armed Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4.

The court sentenced Petitioner to 294 months' imprisonment, followed by five (5) years of supervised release. (ECF No. 83.) Petitioner appealed, and on March 11, 2008, his conviction and sentence were affirmed. *United States v. Anderson*, 268 F. App'x 883 (11th Cir. 2008). Petitioner did not file a petition for certiorari with the United States

Case Nos.: 1:06cr24/MW/GRJ; 1:17cv165/MW/GRJ

Supreme Court, and as such his judgment of conviction became final on

the date on which his time for filing such a petition expired (*i.e.*, ninety days

after the entry of the court of appeals judgment).[1] His judgment of

conviction became final on June 9, 2008.   In order to have been timely

filed, his § 2255 motion had to be filed no later than one year from that

date, or by June 9, 2009.   Therefore, Petitioner's motion dated June 22,

2017, and received by the clerk on August 2, 2017, is facially untimely.[2]

---

[1] The issuance of the mandate, on April 11, 2008 (*see* ECF No. 107), has no bearing on when the time expires for filing a petition for certiorari.   *See Clay v. United States*, 537 U.S. 522, 525 (2008).

[2]  Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  While it is not material to the timeliness issue, it appears that Petitioner meant to date his motion July 22, not June 22, because the order requiring him to file a signed amended motion was not entered until July 3, 2017.   (*See* ECF No. 114.)

Case Nos.: 1:06cr24/MW/GRJ; 1:17cv165/MW/GRJ

In his motion Petitioner contends that he is entitled to sentencing relief because his prior Florida burglary conviction is no longer a violent felony under *Mathis v. United States*, 136 S. Ct. 2243, 2251-54 (2016). In *Mathis* the Supreme Court held that a prior conviction does not qualify as the generic form of a predicate violent felony offense listed in the ACCA if an element of the crime of conviction is broader than an element of the generic offense because the crime of conviction enumerates various alternative factual means of satisfying a single element. (ECF No. 115 at 4-5.) In addressing the timeliness of his motion, Petitioner asserts that his motion is timely because *Mathis* is a newly recognized right made retroactively applicable to his case. (*Id.* at 13.)

While after *Mathis*, a Florida burglary conviction would not qualify as a predicate offense under the ACCA because the Florida statute is non-generic and indivisible, *Mathis* has not been held to be retroactively applicable to cases on collateral review or to authorize the filing of a second or successive § 2255 motion. *See In re Hernandez*, 857 F.3d 1162, 1164 (11th Cir. 2017) (denying an application to file a successive

§ 2255 motion and stating "*Mathis* does not provide an independent basis
for [petitioner's successive] application, as the Supreme Court's holding in
*Mathis* did not announce a 'new rule of constitutional law.'"); *Holt v. United
States*, 843 F.3d 720, 722 (7th Cir. 2016) ("*Mathis* interprets the statutory
word 'burglary' and does not depend on or announce any novel principle of
constitutional law" so it does not authorize a successive § 2255 motion);
*United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) ("*Mathis* did
not announce a new rule" that would allow a second or successive § 2255
motion); *see also In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016)
(holding that *Descamps v. United States*, 133 S. Ct. 2276 (2013) (which
clarified precedent regarding the use of the categorical and modified
categorical approach when determining whether a prior offense was a
violent felony under the ACCA) did not announce a new rule of
constitutional law made retroactive to cases on collateral review).

## CONCLUSION

Because *Mathis* is not a new rule of substantive law made
retroactively applicable by the Supreme Court to cases on collateral review,
Petitioner's motion is untimely under § 2255(f)(1) and should be dismissed.

Case Nos.: 1:06cr24/MW/GRJ; 1:17cv165/MW/GRJ

# CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:   "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 1:06cr24/MW/GRJ; 1:17cv165/MW/GRJ

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.    Petitioner's amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, (ECF No. 115), should be **DISMISSED as untimely.**

2.    A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 29th day of August, 2017.


*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 1:06cr24/MW/GRJ; 1:17cv165/MW/GRJ